**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
**1300 Mount Kemble Avenue**
**Post Office Box 2075**
**Morristown, New Jersey 07962-2075**
**(973) 993-8100**
Attorneys for plaintiff
UNITED OF OMAHA LIFE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | **Case No.** |
| Plaintiff, | |
| v. | |
| BENANICO RODRIGUEZ; LINDA APPELL; and EVERGREEN FUNERAL HOME, INC., | |
| Defendants. | |

## CIVIL ACTION – INTERPLEADER COMPLAINT BY PLAINTIFF
## UNITED OF OMAHA LIFE INSURANCE COMPANY

Plaintiff, UNITED OF OMAHA LIFE INSURANCE COMPANY ("United of Omaha"),

by and through its attorneys McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of

Interpleader Complaint against the above-named defendants, alleges and says:

### INTRODUCTION

1.     At all relevant times, United of Omaha is an insurance company organized and

existing under the laws of the State of Nebraska, with its principal place of business located at

Mutual of Omaha Plaza, Omaha, Nebraska 68175.

2.      This action involves entitlement to life insurance benefits due as a result of the death of Anita Gail Rodriguez ("Decedent").   Decedent died on November 16, 2018, a resident of Jersey City, New Jersey.

3.      United of Omaha issued two life insurance policies to Decedent.   Policy #UR******* [redacted] was issued to Decedent on or about April 16, 2010, and provided for a death benefit of $7,000 after it had been in effect for two years.  Policy #UR******* [redacted] was issued to Decedent on June 23, 2015, and provided for a death benefit of $18,000 after it had been in effect for two years.  The two Policies provide for a combined death benefit of $25,000.

4.      United of Omaha has good cause to believe that it may be subject to competing claims and may be potentially exposed to multiple or conflicting liabilities for the life insurance proceeds due under the Policies as a result of Decedent's death.   United of Omaha cannot determine the proper beneficiary or beneficiaries of those proceeds.  Therefore, United of Omaha seeks interpleader relief to avoid being harassed by these multiple and potentially conflicting claims and to avoid the possibility of duplicate liability.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1335.  This is an action for interpleader relief that involves two or more claimants of diverse citizenship and the amount in controversy exceeds $500.00, exclusive of interest and costs. Pursuant to 28 U.S.C. §1391(a), venue is proper in the United States District Court for the District of New Jersey as one of the claimants resides in this district.

## THE PARTIES

6.      United of Omaha is an insurance corporation organized under the laws of the State of Nebraska, and maintains its principal place of business in Omaha, Nebraska.  United of

Omaha is domiciled in and a citizen of the State of Nebraska within the meaning and intent of 28 U.S.C. §1332(a) and 28 U.S.C. §1335.

7.      Defendant Benanico Rodriguez, husband of Decedent, upon information and belief, resides at 94 Tonnele Avenue, Jersey City, New Jersey 07306, and is domiciled in and a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. §1332(a) and 28 U.S.C. §1335.

8.      Defendant Linda Appell, sister of Decedent, upon information and belief, resides at 7736 Cypress Walk Drive, Fort Myers, Florida 33966, and is domiciled in and a citizen of the State of Florida within the meaning and intent of 28 U.S.C. §1332(a) and 28 U.S.C. §1335.

9.      Defendant Evergreen Funeral Home, Inc., upon information and belief, is a business entity with a principal place of business at 159 Garrison Avenue, Jersey City, New Jersey 07306, and is domiciled in and a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. §1332(a) and 28 U.S.C. §1335.

## FACTUAL BACKGROUND AND REQUEST FOR INTERPLEADER

10.      On April 16, 2010, United of Omaha issued the first Policy to Decedent as owner and insured.  At the time the Policy was issued, Decedent's husband Benanico Rodriguez was designated as the beneficiary.

11.      On June 23, 2015, United of Omaha issued the second Policy to Decedent as owner and insured.  At the time the Policy was issued, Decedent's sisters, Patricia Lipowski and Linda Attell [sic] were designated as the beneficiaries.  At Decedent's request, the beneficiary of the second Policy was changed effective as of August 4, 2015.  At that time, Linda Appell was designated as the primary beneficiary, and Patricia Lipowski was designated as contingent beneficiary.

12.     On October 13, 2017, at Decedent's request, the beneficiary of the first Policy was changed.  At that time, Linda Appell was designated as the primary beneficiary, and Erika Della Rosa, Decedent's niece, was designated as contingent beneficiary.  Thus, as of October 13, 2017, Linda Appell was designated as the primary beneficiary of both Policies.

13.     On November 2, 2018, United of Omaha received two change of beneficiary requests via computer, changing the primary beneficiary of both Policies to Decedent's husband, Benanico Rodriguez.  In accordance with this request, United of Omaha made the beneficiary change for both Policies and notified Decedent of the changes by mail.

14.     Decedent died on November 16, 2018.

15.     United of Omaha received a Life Insurance Claim Statement from Benanico Rodriguez dated December 1, 2018, seeking payment of the life insurance proceeds of the two Policies.  Benanico Rodriguez also submitted an Assignment of Proceeds of Insurance to Evergreen Funeral Home, Inc., also dated December 1, 2018, in the amount of $8,860.

16.     United of Omaha received a Life Insurance Claim Statement from Linda Appell dated December 2, 2018.  Appell claims that beneficiary change requests received two weeks prior to Decedent's death are not valid because Decedent was not mentally or physically able to make those changes at that time due to Decedent's terminal illness.

17.     In subsequent communications, United of Omaha has received claims seeking payment of the proceeds of the Policies from [1] Benanico Rodriguez, [2] Linda Appell, and [3] Evergreen Funeral Home, Inc.

18.     On February 11, 2019, and again on March 11, 2019, United of Omaha sent letters to [1] Benanico Rodriguez and [2] Linda Appell, suggesting that the disputing claimants attempt to reach agreement on disbursement of the life insurance proceeds due under the Policies

and avoid the expense (including legal fees and costs) and delay that would result from an interpleader action.

19.      In this correspondence, United of Omaha stated that in the absence of an agreement between the parties, it would initiate an interpleader action, would deposit the Policy proceeds with the Court, and would request payment of its costs and attorney fees incurred in filing that action from the proceeds of the Policies.

20.      United of Omaha did not receive any communication from any of the claimants indicating there was any agreement on disbursement of the life insurance proceeds.  As a result, United of Omaha has no alternative and is therefore compelled to bring this interpleader action.

21.      Upon review of the facts known to it, United of Omaha is unable to determine the validity of the potential conflicting claims to the Policy proceeds that it has received from [1] Benanico Rodriguez, [2] Linda Appell, and [3] Evergreen Funeral Home, Inc.

22.      United of Omaha asserts no claim to or interest in the life insurance proceeds due under the Policies, and wishes to be sure that the life insurance proceeds are paid to the proper beneficiary or party.  United of Omaha also wishes to have certainty that payment of the life insurance proceeds due under the Policies will result in discharge of any and all obligations United of Omaha owes to any party under those Policies as a result of Decedent's death.

23.      Based upon the foregoing, there is a justiciable controversy as to the life insurance proceeds due under the Policies, and United of Omaha, as a disinterested stakeholder, is entitled to the relief requested herein.

24.      United of Omaha seeks, by this interpleader action, certainty regarding the parties' respective rights to the life insurance proceeds due under the Policies and its obligations to make payment of those proceeds to the proper party or parties.

25.     Given the conflicting claims it has received and the uncertainty regarding the change of beneficiary that occurred shortly before Decedent's death, United of Omaha is unsure of the proper beneficiary or recipient of the life insurance proceeds.  United of Omaha has legitimate concern that payment of the life insurance proceeds to one claimant will subject it to additional liability to another claimant who seeks payment of those proceeds.

26.     As a mere stakeholder initiating this interpleader action, United of Omaha is entitled to recover its reasonable attorneys' fees, costs, and expenses incurred in these proceedings.  United of Omaha seeks recovery for such fees, costs and expenses in this action.

**WHEREFORE,** United of Omaha demands judgment against defendants, and each of them, for the following relief:

[1]     An Order granting United of Omaha's request for interpleader relief;

[2]     An Order compelling defendants to adjust, settle and/or litigate between each other their respective and lawful entitlement to the life insurance proceeds payable under the Policies on account of the death of the Decedent;

[3]     An Order declaring and adjudging the lawful and proper beneficiary of the life insurance proceeds payable under the Policies due to the death of the Decedent;

[4]     An Order awarding United of Omaha its attorneys' fees and costs, to be paid from the life insurance proceeds, and permitting and directing United of Omaha to make payment of the resulting net life insurance proceeds into the Registry of this Court, to be deposited into an interest bearing account until further order of the Court;

[5]     An Order declaring and adjudging that upon United of Omaha's payment of the life insurance proceeds into the Registry of this Court, [A] United of Omaha shall be wholly and completely discharged and absolved from any further liability, of whatsoever nature, to each of

the other parties in this action and any other claimant to the life insurance proceeds due under the Policies, and [B] United of Omaha shall be dismissed with prejudice from this lawsuit;

[6]     An Order permanently restraining and enjoining the other parties hereto from instituting and/or prosecuting any other suit, cause of action or civil proceeding in any state, federal or other court of competent jurisdiction against United of Omaha seeking the life insurance proceeds or asserting claims arising under the subject Policies as a consequence of the death of Decedent; and

[7]     An Order releasing and discharging United of Omaha, its employees, agents, representatives, predecessors and successors in interest, parents, subsidiaries, and assigns from and against any and all liability, suits, debts, judgments, dues, sums, and/or causes of action whether at law or in equity, to any person, entity, claimant, party to this action or otherwise for any and all claims arising under or pursuant to the Policies as a result of Decedent's death.

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Attorneys for plaintiff United of Omaha Life Insurance Company

*/s/ William A. Cambria*

By:  WILLIAM A. CAMBRIA

Dated: April ___9___, 2019